IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Misha Harper, f/k/a Johnson, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  1:13-cv-546 |
| ) | |
| Marinosci Law Group, P.C., a Rhode ) | |
| Island professional corporation, ) | |
| ) | |
| Defendant. ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Misha Harper, f/k/a Johnson, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a declaration that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Misha Harper, f/k/a Johnson ("Harper"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to Bank of America for a mortgage on her former home.

4. Defendant, Marinosci Law Group, P.C. ("Marinosci"), is a Rhode Island professional corporation and law firm company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Marinosci operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers throughout the United States, including consumer in the State of Indiana.  In fact, Defendant Marinosci was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Marinosci is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A.  In fact, Defendant conducts business in Indiana.

**FACTUAL ALLEGATIONS**

6. Ms. Harper filed a Chapter 7 bankruptcy petition on June 21, 2012, in a matter styled In re: Harper, S.D. Ind. Bankr. No. 12-07479-FJO-7.  Among the debts listed on Schedule A of Mr. Harper's bankruptcy petition was the debt she allegedly owed to Bank of America for the mortgage on her former home, see, excerpt of bankruptcy petition, attached as Exhibit B.

7. On June 27, 2012, Bank of America was given notice of the bankruptcy by the court, via first class U.S. mail, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines, attached as Exhibit C.

8. On August 22, 2012, Marinosci filed an appearance in the bankruptcy court and a motion for relief from the stay on behalf of Bank of America, which motion was granted by the bankruptcy court on September 7, 2012.  See, the appearance,

motion and order, attached as Group Exhibit D.

9.   On October 1, 2012, Ms. Harper received a discharge from the bankruptcy court for her obligations, including the debt she allegedly owed to Bank of America and, that same day, Marinosci was sent notice of the Discharge of Debtor by the bankruptcy by the court, via the CM/ECF system, see, the Certificate of Service to the Discharge of Debtor, which is attached as Exhibit E.

14.   Nonetheless, on February 7, 2013, Defendant Marinosci filed a Complaint for Foreclosure of Note and Mortgage against Ms. Harper on behalf of Bank of America in a matter styled Bank of America v. Misha Johnson, et al., No. 49D141302MF004941 (Marion County, Indiana)(the "State Court Lawsuit").  Although Bank of America had the right to proceed against the property at issue on an in rem basis, Defendant also sought an in personam money judgment against Ms. Harper.  See, the complaint in the State Court Lawsuit, which attached (without exhibits), as Exhibit F.

15.   All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

16.   Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692e Of The FDCPA --**
**Demanding Payment Of A Debt That Is Not Owed**

17.   Plaintiff adopts and realleges ¶¶ 1-16.

18.   Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the

collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

19.     Demanding payment of a debt that is no longer owed, due to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA.  See, Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

20.     Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692e Of The FDCPA --
### Taking An Action That Could Not Be Legally Taken

21.     Plaintiff adopts and realleges ¶¶ 1-16.

22.     Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including taking any action that cannot legally be taken, see, 15 U.S.C. § 1692e(5).

23.     Defendant violated § 1692e of the FDCPA by wrongly filing a foreclosure complaint in the State Court Lawsuit that sought an in personam judgment.

24.     Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Collections

25.     Plaintiff adopts and realleges ¶¶ 1-16.

26.     Section 1692c(c) of the FDCPA prohibits a debt collector from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.

See, 15 U.S.C. § 1692c(c).

27.     Here, Plaintiff's bankruptcy and discharge told Defendant that Plaintiff refused to pay this debt.  By continuing to demand payment of the debt (Exhibit F), Defendant violated § 1692c(c) of the FDCPA.

28.     Defendant's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Misha Harper, f/k/a Johnson, prays that this Court:

1.      Declare that Defendant's debt collection actions violated the FDCPA;

2.      Enter judgment in favor of Plaintiff Harper, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Misha Harper, f/k/a Johnson, demands trial by jury.

Misha Harper, f/k/a Johnson,

By:/s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  April 1, 2013

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Steven J. Halbert    (Ind. Bar No. 14254-02)
11805 N. Pennsylvania Street
AmeriCenters Building
Carmel, Indiana 46032
(317) 706-6762
(317) 706-6763 (FAX)
shalbertlaw@aol.com